THE STATE, EX REL. FELDER, *v.* McVAY.

*Contest of election—Justice of peace—Section 5162 et seq., General Code—Quo warranto does not lie to collaterally attack contest proceedings.*

Where defendant was duly commissioned as justice of peace as result of election contest in probate court provided for by Section 5162, General Code, *et seq.*, petition in *quo warranto* by defeated candidate, collaterally attacking contest proceedings, will not lie to review and set aside proceedings.

(Decided January 29, 1926.)

IN QUO WARRANTO.

*Messrs. Schwenker & Henney,* for relator.
*Messrs. Levinson & Little,* for defendant.

HOUCK, J. This is an original suit in *quo warranto* brought in this court by the relator against the defendant. The basis of this suit, grows out of an election in Madison township, Franklin

county, Ohio, for the office of justice of the peace. A contest of election for this office between the relator and the defendant was heard in the probate court of Franklin county, · Ohio, as provided by Section 5162, General Code, *et seq.*, and as a result of such contest the defendant was duly commissioned as justice of the peace.

Defendant files a general demurrer to the petition of the relator; thus claiming that the allegations of the petition are insufficient in law to warrant the relief prayed for therein. An inspection of the petition clearly shows that its aim, object, and purpose are in effect to review the decision of the contest had in the probate court. In other words, so far as the allegations in his petition are concerned, the relator seeks by a suit in *quo warranto* to review, set aside, and hold for naught the proceedings in the contest and the finding entered therein.

We are clearly of the opinion that the relief prayed for in the petition is not good as against a general demurrer, and we feel that it is only necessary to cite the following decisions:

"The decision of the freeholders summoned by a probate judge in a proceeding to contest the election of a mayor of an incorporated village cannot be reviewed on error in the common pleas court." *Wilson* v. *Maher,* 6 N. P. (N. S.), 539, 17 O. D., (N. P.), 130.

"A proceeding to contest an election, under Sections 572, 573, Revised Statutes [now Sections 5162 and 5163, General Code of Ohio], being a special proceeding before a special tribunal, the finding of that tribunal is final and not reviewable

on error." *Bach* v. *Goff*, 24 C. C., (N. S.), 561, 34 C. D., 766.

"A specific mode of contesting elections in this state, having been provided by statute according to the requirement of the Constitution, that mode alone can be resorted to, in exclusion of the common law mode of inquiry by proceedings in *quo warranto*. The statute which gives this special remedy, and prescribes the mode of its exercise, binds the state as well as individuals." *State ex rel. Griswell* v. *Marlow*, 15 Ohio St., 114.

It appears to us that giving to the allegations of the petition the most favorable consideration they are in effect simply a collateral attack upon the proceedings to contest the election of justice of the peace in Madison township, which proceedings, as we find and hold, cannot be attacked by a suit in *quo warranto*. It follows from what we have already said that the petition does not state facts sufficient in law to constitute a cause of action, and therefore the demurrer will be sustained and the relator given 30 days to file an amended petition, or the cause will be dismissed.

*Demurrer to petition sustained.*

SHIELDS and YOUNG, JJ., concur.

HOUCK and SHIELDS, JJ., of the Fifth Appellate District, and YOUNG, J., of the Sixth Appellate District, sitting in place of Judges ALLREAD, FERNEDING and KUNKLE, of the Second Appellate District.